## CIRCUIT COURT OF BALTIMORE CITY.

Filed December 28, 1906.

HARRY D. G. CARROLL ET AL.
VS.
J. ALEX. PRESTON ET AL.

*Venable, Baetjer & Howard, Frank Gosnell, Alexander Preston, Charles W. Field* and *John E. Semmes* for parties in interest.

NILES, J.—

The question before the court is whether Mrs. Turnbull, the childless daughter of James Carroll, had the power to dispose by will of her interest in the "rest and residue" of her father's estate left by him in trust, and under certain conditions and limitations for the benefit of all his children.

To hold that Mrs. Turnbull did not have the power claimed would, it is conceded, require the court to treat as surplusage and of no effect two words or clauses of the will; the first being the clause "which appointment I hereby empower my children to make whether married or single," the second being the word "intestate" in the clause providing for the disposition of his property in case of the death of any of his children "intestate and without leaving issue," etc.

On the other hand, to hold that Mrs. Turnbull had the power claimed gives meaning and effect not only to the word "intestate," but also to the first clause quoted.

The power was certainly given if we construe the power of disposition to children, *"whether married or single,"* as preventing the failure of the power should these children not have "issue," or be not even married.

It appears to this court that such is a fair construction of the language used, that by giving it this construction every word of the will becomes effective, and that there will result a consistent scheme for the disposition of the testator's property, which, to the mind of this court, will carry out his general intent as gathered from the whole instrument.

A decree will, therefore, be passed affirming the right of testamentary disposition claimed in behalf of Mrs. Turnbull.